IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 9, 2021 Session

## JENNIFER PALLOTTA GABY v. TONY HAROLD GABY

**Appeal from the Circuit Court for Greene County**
**No. 15CV259 TJW      Thomas J. Wright, Judge**

———————————————————

**No. E2020-00790-COA-R3-CV**

———————————————————

In this post-divorce, child custody case, Appellant/Father filed a petition to modify the permanent parenting plan, seeking equal parenting time. Appellee/Mother opposed the petition. The trial court held that there had been a material change of circumstance and awarded Father additional parenting time, but not equal parenting time. On appeal, Father asserts that the trial court failed to consider the statutory best interest factors. Tenn. Code Ann. § 36-6-106(a). Although we leave undisturbed the portion of the trial court's order concerning a material change of circumstance, the trial court's failure to make best interest findings in compliance with Tennessee Rule of Civil Procedure 52.01 precludes any meaningful appellate review of that question. Accordingly, we vacate the order and remand for entry of an order that includes the required findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Vacated in Part and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Crystal G. Jessee, Greeneville, Tennessee, for the appellant, Tony Harold Gaby.

Joseph O. McAfee, Greeneville, Tennessee, for the appellee, Jennifer Pallotta Gaby.

**OPINION**

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2017, Appellant Tony Harold Gaby ("Father") and Appellee Jennifer Pallotta Gaby ("Mother") were divorced by order of the Circuit Court for Greene County ("trial court"). The divorce decree incorporated a permanent parenting plan, in which

Mother was named primary residential parent of the parties' two daughters ("the Children"). The trial court awarded Mother 313 parenting days and awarded Father 52 parenting days. In making its determination, the trial court emphasized Father's apparent lack of an emotional attachment to the Children, his anger management issues, and his unusual work schedule, which made it difficult for him to spend time with the Children. Following the divorce, Father completed a parenting class and an anger management class, and he engaged a counselor to help rebuild his relationship with the Children. In addition, Father modified his work schedule so that he could spend more time with the Children.

On August 30, 2018, Father filed a Petition to Modify the Permanent Parenting Plan, wherein he requested equal parenting time. He averred that his improved relationship with the Children and his change in work schedule constituted material changes of circumstance that warranted modification. In her response, Mother denied Father's averments and asked the trial court to dismiss the petition.

On December 2, 2019, and after an unsuccessful attempt at mediation, the trial court heard Father's petition to modify the permanent parenting plan. On April 3, 2020, the trial court entered an order finding that there had been a material change of circumstance based on two grounds—Father's new work schedule and Mother's failure to facilitate and encourage a relationship between Father and the Children. As discussed below, concerning the best interest analysis under Tennessee Code Annotated § 36-6-106(a), the trial court found only that the best interests factors "remain as previously found in the prior Court hearing." Based on these findings, the court modified the permanent parenting plan to award 275 days to Mother and 90 days to Father. On April 30, 2020, Father filed a Motion to Alter or Amend Judgment. Therein, he argued that the trial court: (1) "failed to give him sufficient credit for the overpayment of child support";[1] and (2) failed to "make specific findings as to the stacking of extra time he has with the children, on his weekends, above the regular day count." On May 11, 2020, the trial court denied Father's motion. Father appeals.

## II. ISSUES PRESENTED

Father raises the following issues for review:

1. Did the Circuit Court for Greene County err as a matter of law when it failed to specifically address each of the best interest factors outlined in Tenn. Code Ann. § 36-6-106(a)?

2. Did the Circuit Court for Greene County err as a matter of law in failing

---

[1] On appeal, Father did not raise an issue regarding child support, and we decline to address that question. *See* Tenn. R. App. P. 13 ("Review generally will extend only to those issues presented for review.").

to maximize Tony Gaby's parenting time with the children, providing him with only 90 days of parenting time?

3. Did the Circuit Court for Greene County err as a matter of law in its calculation of days of parenting time for Tony Gaby?

## III. STANDARD OF REVIEW

Whether there has been a material change of circumstance and whether modification of an existing parenting plan is in the children's best interests are questions of fact. *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). We review the trial court's findings of fact de novo on the record of the trial court, accompanied by a presumption of the correctness of these findings, unless the evidence preponderates otherwise. Tenn. R. App. P. 13; *Coal Creek Co. v. Anderson Cty.*, 546 S.W.3d 87, 98 (Tenn. Ct. App. 2017). Furthermore, the trial court has broad discretion in fashioning parenting plans. *Armbrister*, 414 S.W.3d at 693; *Grissom v. Grissom*, 586 S.W.3d 387, 391 (Tenn. Ct. App. 2019). Thus, we will not disturb the details of a residential parenting schedule unless there has been an abuse of discretion. *Armbrister*, 414 S.W.3d at 693. "An abuse of discretion occurs when the trial court . . . appl[ies] an incorrect legal standard, reaches an illogical result, resolves the case on a clearly erroneous assessment of the evidence, or relies on reasoning that causes an injustice." *Gonsewski v. Gonsewski*, 350 S.W.3d 99, 105 (Tenn. 2011).

## IV. ANALYSIS

Modification of an existing parenting plan is a two-step process. First, the court must find that a material change of circumstance has occurred since the entry of the prior plan. Tenn. Code Ann. § 36-6-101(a)(2)(C);[2] *Armbrister*, 414 S.W.3d at 706–07. If the court finds that a material change of circumstance has occurred, it must then consider the factors enumerated in Tennessee Code Annotated § 36-6-106(a) to determine whether it is

---

[2] Tennessee Code Annotated section 36-6-101(a)(2)(C) provides:

If the issue before the court is a modification of the court's prior decree pertaining to a residential parenting schedule, then the petitioner must prove by a preponderance of the evidence a material change of circumstance affecting the child's best interest. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance for purposes of modification of a residential parenting schedule may include, but is not limited to, significant changes in the needs of the child over time, which may include changes relating to age; significant changes in the parent's living or working condition that significantly affect parenting; failure to adhere to the parenting plan; or other circumstances making a change in the residential parenting time in the best interest of the child.

- 3 -

in the children's best interests to modify the current parenting plan.[3] *Armbrister*, 414 S.W.3d at 705. When these two steps are complete and "a material change of circumstance[] affecting the children's best interests has been established, a court finally must utilize the process prescribed by Tennessee Code Annotated section 36-6-404(b)[4] to determine how the residential parenting schedule should be modified." *Id.* at 706.

In the instant case, neither party disputes the trial court's conclusion that there was a material change of circumstance. As such, we do not disturb this portion of the trial court's order. Father argues that the trial court failed to make sufficient findings concerning the Children's best interests. Such findings, he contends, would result in an

---

[3] As set out at Tennessee Code Annotated § 36-6-106(a), the "best interests" factors are:

(1) The strength, nature, and stability of the child's relationship with each parent, including whether one (1) parent has performed the majority of parenting responsibilities relating to the daily needs of the child;
(2) Each parent's or caregiver's past and potential for future performance of parenting responsibilities, including the willingness and ability of each of the parents and caregivers to facilitate and encourage a close and continuing parent-child relationship between the child and both of the child's parents, consistent with the best interest of the child. . . . ;
(3) Refusal to attend a court ordered parent education seminar may be considered by the court as a lack of good faith effort in these proceedings;
(4) The disposition of each parent to provide the child with food, clothing, medical care, education and other necessary care;
(5) The degree to which a parent has been the primary caregiver, defined as the parent who has taken the greater responsibility for performing parental responsibilities;
(6) The love, affection, and emotional ties existing between each parent and the child;
(7) The emotional needs and developmental level of the child;
(8) The moral, physical, mental and emotional fitness of each parent as it relates to their ability to parent the child. . . . ;
(9) The child's interaction and interrelationships with siblings, other relatives and step-relatives, and mentors, as well as the child's involvement with the child's physical surroundings, school, or other significant activities;
(10) The importance of continuity in the child's life and the length of time the child has lived in a stable, satisfactory environment;
(11) Evidence of physical or emotional abuse to the child, to the other parent or to any other person. . . . ;
(12) The character and behavior of any other person who resides in or frequents the home of a parent and such person's interactions with the child;
(13) The reasonable preference of the child if twelve (12) years of age or older. . . . ;
(14) Each parent's employment schedule. . . , and
(15) Any other factors deemed relevant by the court.

[4] Section 36-6-404(b) states, in relevant part:

The court shall make residential provisions for each child, consistent with the child's developmental level and the family's social and economic circumstances, which encourage each parent to maintain a loving, stable, and nurturing relationship with the child. . . . [T]he court shall consider the factors found in § 36-6-106(a)(1)–(15).

award of equal parenting. Mother counters that: (1) the change of circumstance did not "merit[] increasing [Fathers]'s parenting time to the extent it was increased"; (2) the trial court simply "rewarded [Father] for his conduct in following the trial court's instructions since the divorce trial in 2017"; and (3) "the record is . . . missing support for the increase in parenting time serving the physical and emotional needs of the children." *See Shofner v. Shofner*, 181 S.W.3d 703, 716 (Tenn. Ct. App. 2004) ("Parenting plans should never be used to punish or reward the parents . . . but rather they should be used to advance the children's best interests by placing them in an environment that best serves their physical and emotional needs.") We begin our analysis with Father's assertion that the trial court erred in failing to make sufficient best interest findings under Tennessee Code Annotated § 36-6-106(a).

In its order, the trial court held:

After testimony of several witnesses, as well as the parties and their children, the Court finds that there has been a material change [of] circumstance[]. *A transcript of the court's oral findings and conclusions and rulings is attached and incorporated herein.*[5] Specifically, the Court finds that as to Factor 14, the Father's work schedule has changed dramatically since the last hearing and he is now able to spend substantially more quality time with the children during the day, after he gets off of work at 1:00 p.m. Additionally, as to Factor Number 2, the Court finds that it is in favor of the Father, as the Mother has not been found to facilitate or encourage a close relationship between the Father and the children. As to all other Factors, the Court finds that they remain as previously found in the prior Court hearing. However, these two factors warrant a substantial and material change [of] circumstance[], which leads the Court to change the Parenting Plan as follows[.]

In addition to the foregoing findings, the trial court's order incorporates the "transcript of the court's oral findings and conclusions and rulings" from the December 2, 2019 hearing. This portion of the transcript provides, in relevant part:

The court: All right. Just for the record, we're all, to make sure we're all talking about the same factors that the court's legislatively required to consider, they're found in 36-6-106. Is that right?

Mother's attorney: Yes, Your Honor.

The court: Which is 36-6-106(a) and then (1) through (15), which (15) is the any other factor. And so, for the record, the court does have the

---

[5] The italicized sentence was handwritten on the order and initialed by the trial judge.

Code in front of it. And I'm taking a minute to make sure I have reviewed each one of the 14 factors specifically listed.

(Long pause.)

The court: Okay. Just looking back through the factors, the only thing that's changed, I think, to any significant degree from two years ago when we did the original custody or parenting plan trial is that I recall being gratified, I think, at that point, that mom had supported the dad having a relationship with the girls and had been encouraging of that. And I think that we're at a point now where, whether it's just because over the course of a couple of years mom's gotten tired of feeling like she has to be on his side or if, you know, when you all are divorced, it's not a good thing if there's a root of bitterness there, everyone could understand that. And I don't know which it is, but I just feel like my perception is that the preponderance of the evidence is that mom is not currently showing a significant commitment to supporting father having a continuing and close relationship with the children. . . And then, certainly number 14, which is each parent's employment schedule, that's changed fairly dramatically from what it was when we tried the case before and does provide a situation where father is more physically available for parenting time than felt like he was when we tried the case originally. What really hasn't changed is pretty much the desires expressed by the girls[.]

Because "a finding of a material change [of] circumstance warranting a re-evaluation of the parenting plan does not necessarily require that any change in visitation be made[,]" the best interests analysis is a necessary second step in determining whether to modify a permanent parenting plan. *Boyer v. Heimermann*, 238 S.W.3d 249, 260 (Tenn. Ct. App. 2007). Moreover, the two steps of the analysis must be undertaken separately and explicitly. *See id.* From the order and incorporated transcript, it appears the trial court conflates the material change of circumstance inquiry with the best interest analysis. In the written portion of its order, and as the basis for its finding that there had been a material change of circumstance, the trial court refers to statutory best interest factors 14 (i.e., "each parent's employment schedule"), and 2 ("[e]ach parent's . . . willingness . . . to facilitate and encourage a close and continuing parent-child relationship between the child and both of the child's parents"). In both the written order and the transcript, the trial court references these factors in the context of the change of circumstance, but never once does the trial court mention the Children's best interests.

From the transcript portion of the ruling, we know that the trial court had Tennessee Code Annotated § 36-6-106(a)(2) (i.e., the best interest factors) "in front of it" during the modification hearing. In fact, the trial court stated that, "I'm taking a minute to make sure I have reviewed each one of the 14 factors specifically listed." While we have no doubt

that the trial court reviewed the statutory best interests factors in open court, what is missing is any record of its best interest findings. Rather, the transcript shows that, after taking a moment to review the statutory best interest factors, the trial court proceeded to engage in a material change of circumstance analysis, but never undertook a separate and explicit best interest analysis. Rather, the trial court's written order vaguely states that, "[as to] all . . . [f]actors [except those found in Tennessee Code Annotated § 36-6-106(a)(2) and -(14)] the Court finds that they remain as previously found in the prior Court hearing." Notably, the trial court does not refer to its prior order; rather it refers to "the prior Court hearing." We assume that this is a reference to the divorce hearing that took place more than two years earlier, but that is merely speculation on our part. We are still left to wonder what portion of that prior hearing the trial court relies upon in the instant case. The Tennessee Supreme Court has directed that this Court not "relieve trial courts of the 'high judicial function' required of judicial decision-making by conducting 'archeological digs' of the record in an effort to support a trial court's decision." *Grissom*, 586 S.W.3d at 396–97 (quoting *Heun Kim v. State*, No. W2018-00762-COA-R3-CV, 2019 WL 921039, at *6 (Tenn. Ct. App. Feb. 26, 2019); *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 312 (Tenn. 2014)). Here, the trial court wholly fails to conduct any substantive best interest analysis. The vague reference to a prior hearing and a broad recitation that the facts existing at some earlier date persist, is simply insufficient to provide this Court any basis for meaningful appellate review.

Rule 52.01 of the Tennessee Rules of Civil Procedure provides that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law." Although we concede that "[t]he absence of an explicit discussion of each [statutory best interest] factor" is not error, in and of itself, *Keisling v. Keisling*, 196 S.W.3d 703, 723 (Tenn. Ct. App. 2005), "[a] trial 'court must go beyond mere summation by linking the evidence to its clearly stated findings of fact and conclusions of law,'" *Lucy v. Lucy*, No. W2020-01275-COA-R3-CV, 2021 WL 2579763, at *3 (Tenn. Ct. App. June 23, 2021) (quoting *Rosebrough v. Caldwell*, No. W2018-01168-COA-R3-CV, 2019 WL 6898218, at *4 (Tenn. Ct. App. Dec. 18, 2019); *In re S.S.-G.*, No. M2015-00055-COA-R3-PT, 2015 WL 7259499, at *12 (Tenn. Ct. App. Nov. 16, 2015)). Furthermore, a trial court's "findings of fact must include as much of the subsidiary facts as is necessary to disclose to the reviewing court the steps by which the trial court reached its ultimate conclusion on each factual issue." *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013) (quotation omitted).[6] Here, the court did not disclose sufficient facts, much less subsidiary facts, that would reveal the steps by which it reached its conclusion that modification of the parenting plan was in the Children's best interest. In short, the trial court gave a mere summation and did not link the evidence to clearly stated findings. This

---

[6] Effective July 1, 2021, Tennessee Code Annotated, § 36-6-101(a)(2)(A)(i) was amended to require that, "[u]nless both parents have agreed to a custody arrangement and parenting plan, orders for custody arrangements must include *written* findings of fact and conclusions of law to support the basis for the order." 2021 Tennessee Laws Pub. Ch. 311 (H.B. 237) (emphasis added).

omission makes meaningful review unfeasible, if not impossible. *See **Grissom***, 586 S.W.3d at 393–94.

When a trial court fails to explain the factual basis for its decisions, the appellate court may remand the case with instructions to make the requisite findings of fact and conclusions of law and enter judgment accordingly. ***Cain-Swope v. Swope***, 523 S.W.3d 79, 86 (Tenn. Ct. App. 2016). Although we leave undisturbed the trial court's finding that there has been a material change of circumstance, we vacate the trial court's order based on its failure to conduct the necessary best interest analysis. We remand the case for the purpose of conducting the best interest analysis and for entry of an order, in which the trial court: (1) makes separate findings of fact and conclusions of law, as required by Rule 52.01 of the Rules of Civil Procedure; (2) sets forth the specific best interests factors it considers; and (3) links the evidence to clearly stated findings, including such subsidiary facts as are necessary to illuminate the trial court's reasoning. To this end, the trial court is not precluded from reopening proof in this case. All remaining issues are pretermitted.

## V. Conclusion

For the foregoing reasons, we vacate the trial court's order and remand the case for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed one-half to Appellant, Tony Harold Gaby, and one-half to Appellee, Jennifer Pallotta Gaby, for all of which execution may issue if necessary.

                                         s/ Kenny Armstrong
                                     KENNY ARMSTRONG, JUDGE